IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Carlos Strickland,
 Plaintiff,

v.                1:12cv879 (TSE/IDD)

Deputy Bowman, et al.,
 Defendants.

MEMORANDUM OPINION

Carlos Strickland, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of personal property. Plaintiff has applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim for damages against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff's motion to proceed in forma pauperis and motion to appoint counsel must also be denied as moot.

---

[1] Section 1915A provides:

 (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

 (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
  (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

1

**I.**

Plaintiff resides at Virginia Beach Correctional Center. Compl. 4. Plaintiff alleges that on March 17, 2012, he did not receive $6 worth of coffee that he ordered from the canteen. Id. at 5. Plaintiff disapproves of the facility's process by which, before an inmate can open a delivered canteen bag, he must sign a receipt that acknowledges that the bag contains all of the contents that an inmate ordered. Id. Plaintiff alerted defendant Deputy Bowman and other staff of the alleged shortage and filed a grievance and inmate request form on March 17. Id. On March 19, plaintiff received a response to the inmate request letter that stated, "All canteen orders are electronically scanned and placed directly into your canteen bag and sealed. If an item is on the receipt it was placed in the bag and will not be replaced." Id. Plaintiff alleges that canteen bags are not sealed and that it is unfair to make inmates sign the receipt before they can inspect the contents of the bags. Id. at 5A. Plaintiff filed additional grievances, inmate request forms, and appeals on March 20, March 22, March 31, April 6, and April 18. Id. at 5A-B. Plaintiff states that he received the same response from defendants to each grievance and appeal that he filed. Id. at 5A-D.

**II.**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

There are a number of problems with plaintiff's central claim that he is entitled to damages under § 1983 because his right to due process was violated by the defendants' alleged deprivation of his property. First, such a claim is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1.

3

Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of his property; on the contrary, he states with specificity his thorough use of the administrative grievance process. Therefore, he has not stated a constitutional claim. Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore,

4

because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment.

### IV.

For the foregoing reasons, this complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief pursuant to § 1983. An appropriate Order shall issue.

Entered this 4th day of September 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge